ANAHITA LAZARYAN, Plaintiff In Pro Se
2466 Montrose Ave Apt. 5
Montrose, CA 91020

EMAIL: ANAHITA1954@YMAIL.COM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CV12-01551

| | |
|---|---|
| ANAHITA LAZARYAN, an individual, | CASE No.: |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; |
| BANK OF AMERICA CORPORATION | 2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT; |
| CITIBANK | |
| BLOOMINGDALE'S, INC. | **DEMAND FOR JURY TRIAL** |
| CHASE BANK | |
| DISCOVER FINANCIAL SERVICES, LLC, | |
| HSBC BANK | |
| MERCEDES-BENZ FINANCIAL SERVICES | |
| **Defendants.** | |

Plaintiff ANAHITA LAZARYAN (hereinafter "Plaintiff") brings her complaint against Defendants BANK OF AMERICA CORPORATION ("BOA"), CITIBANK ("CITI"), BLOOMINGDALE'S, INC. ("BLOOMINGDALES"), CHASE BANK ("CHASE"), DISCOVER FINANCIAL SERVICES, LLC, ("DISCOVER"), HSBC BANK ("HSBC") and MERCEDES-BENZ FINANCIAL SERVICES ("MERCEDES-BENZ")(hereinafter "Defendants") for violations of Federal and State consumer protection laws, specifically the Fair Credit Reporting Act

COMPLAINT FOR DAMAGES- 1

("FCRA") [15 U.S.C. §1681 et seq.] and California's Consumer Credit Reporting Agencies Act ("CCRAA") [California Civil Code §1785.2 et seq.], and alleges as follows:

**PRELIMINARY STATEMENT**

1. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumers pertaining to furnished information.

3. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action for consumers to bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C.

COMPLAINT FOR DAMAGES- 2

§1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

4. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

5. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

6. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments

that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337. Supplemental jurisdiction exists per 28 U.S.C. §1367.

8. Venue is proper in this United States District Court, Central District of California because Defendants' violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## PRIVATE RIGHT OF REMEDY

9. 15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

10. *Gorman v. MBNA America Bank, N.A.*, No. 06-17226 further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b). Defendant's furnisher's liability under this section is triggered since Plaintiff made her initial disputes with the Credit Reporting Agencies.

11. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

12. California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## THE PARTIES

13. Plaintiff is an individual residing in Montrose, Los Angeles County, State of California.

14. Plaintiff is a consumer per 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

15. Defendants and each one of them regularly conduct business in the State of California.

16. Defendant BOA is a Delaware Corporation.

17. Defendant CITI is a New York Corporation.

18. Defendant BLOOMINGDALES is an Ohio Corporation.

19. Defendant CHASE is a New York Corporation.

20. Defendant DISCOVER is a Delaware Limited Liability Company.

21. Defendant HSBC is a United States Corporation.

22. Defendant MERCEDES-BENZ is a Delaware Limited Liability Company.

23. Defendants and each one of them is a "furnisher of information," as referenced in 15 U.S.C. §1681s-2.

24. Defendants and each one of them is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

25. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein.

26. Plaintiff further alleges that each act alleged herein, whether by a named Defendant, was expressly authorized or ratified by each of the Defendants.

## FACTUAL ALLEGATIONS

27. In or around June 2010 Plaintiff learned that multiple derogatory accounts were reported to her credit file, which Plaintiff did not recognize as any she had opened or was otherwise associated with.

28. On or about June 23, 2010 Plaintiff contacted the Defendants and each one of them directly at their mailing addresses listed with the credit reporting agencies, through which she disputed and requested adequate proof of ownership and accuracy for the accounts reported to her credit file.

29. On or about July 7, 2010 Plaintiff contacted the credit reporting agencies and initiated dispute of the accounts reported by Defendants per FCRA [15 U.S.C. §1681s-2(b)]. Following her dispute with the credit reporting agencies, Plaintiff sent out second round of letters to Defendants concerning the dispute.

30. Throughout the investigation period of the accounts, Defendant and each one of them continued to report the disputed account to Plaintiff's credit file without notice of the dispute.

31. Short after Plaintiff's credit bureau dispute, the credit reporting agencies responded to Plaintiff, claiming that all disputed accounts were verified as accurate by the respective furnishers (Defendants).

32. Defendants and each one of them failed to respond properly or at all to Plaintiff's dispute and at the end of the 30 day investigation period, Defendants failed to provide for their alleged verification made with the credit reporting agencies.

33. On or about July 30, 2010 Plaintiff sent follow up requests regarding the alleged verification of the Defendants' accounts through the credit reporting agencies.

34. On or about August 17, 2010 Plaintiff sent notices of Defendants' violations and requests for their cooperation to Defendants directly.

35. Defendants failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in dispute and failed to take corrective action.

36. In over a year, Plaintiff submitted further notices to Defendants informing of their violations and made further requests for their cooperation in properly verifying the

COMPLAINT FOR DAMAGES- 7

accounts or removing them from record with the credit reporting agencies.

37. To date Defendants continue to maintain the unverified accounts on Plaintiff's credit reports.

38. As a result of Defendants' conduct, Plaintiff has suffered:

   a. Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

   b. Out of pocket expenses associated with communicating with Defendants, disputing the credit information, as well as fees paid to attorney and credit professionals for advice and assistance with understanding her rights and conducting her credit disputes;

   c. Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to people reviewing her credit reports, both known and unknown;

   d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## FIRST CAUSE OF ACTION
### Violations of FCRA

39. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

40. Defendants knowingly and willfully violated the FCRA, by their conduct described above and herein:

a. Failing to provide accurate information to the Credit Reporting Agencies, per 15 U.S.C. §1681s-2 (a);

b. Failing to inform Plaintiff about the reporting of negative information to her credit report, prior to or within five(5) days of furnishing a negative credit item to the Credit Reporting Agencies, per 15 U.S.C. §1681s-2 (a)(7)(A);

c. Failing to honor their obligations to investigate a dispute concerning the accuracy of information contained in consumer report, upon the consumer's express request, per 15 U.S.C. §1681s-2 (a)(8)(A).

d. Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, as described in 15 U.S.C. §1681s-2 (a)(8)(E) and 15 U.S.C. §1681s-2 (b);

e. Failing to cease credit reporting on a disputed account upon receipt of consumer dispute and during the investigation period and failing to provide notice of Plaintiff's dispute to Credit Reporting Agencies along with their reporting of the account in dispute, per 15 U.S.C. §1681s-2 (a)(3);

f. Failing to delete or permanently block the reporting of the item of information (the account) disputed by Plaintiff, which was not and/or could not be verified after the reinvestigation, per 15 U.S.C. §1681s-2 (b)(1)(E);

g. Failing to take proper action of verification, correction, deletion, or permanent block of the

information disputed by Plaintiff by the deadline, as described in 15 U.S.C. §1681s-2 (b)(2).

### SECOND CAUSE OF ACTION
### Violations of CCRAA

41. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

42. Defendants knowingly and willfully violated CCRAA. Defendants' violations include, but are not limited to the following act performed:

> a. Submitting negative credit information, as that described in California Civil Code §1785.26(a)(2), to Plaintiff's credit report with the Credit Reporting Agencies, without notifying the Plaintiff, per California Civil Code §1785.26(b);
>
> b. Failing to conduct proper investigation and review of all relevant information with respect to Plaintiff's dispute, per California Civil Code §1785.25(f);
>
> c. Continuing to report the disputed information to the Credit Reporting Agencies, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the account has been disputed by Plaintiff, per California Civil Code §1785.25(c);

### PRAYER FOR RELIEF

43. Plaintiff prays this Honorable Court to enter a judgment in her favor and against each one of the Defendants for:

COMPLAINT FOR DAMAGES- 10

a) Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

b) Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

c) Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

d) Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

e) Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to delete the unverified accounts from Credit Reporting Agencies;

f) Declaratory relief, available per 28 U.S.C. §2201 and §2202;

g) Any other relief as this Honorable Court deems appropriate.

DATED: January 31, 2012

Respectfully submitted,

By: _____

ANAHITA LAZARYAN, Plaintiff in Pro Se

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)
ANAHITA LAZARYAN

**DEFENDANTS**
BANK OF AMERICA CORPORATION; CITIBANK; BLOOMINGDALE'S, INC.; CHASE BANK; DISCOVER FINANCIAL SERVICES, LLC; HSBC BANK; MERCEDES-BENZ FINANCIAL SERVICES.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

2466 MONTROSE AVE. APT. 5
MONTROSE, CA 91020

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ NOT YET ASSERTED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 15 U.S.C. SECTION 1681 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-01551**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 02-22-2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |